**SOUTHERN ALUMINUM CASTINGS CO., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 90–0235–P–C.**

United States District Court, S.D. Alabama, S.D.

Sept. 10, 1991.

Jerome E. Speegle, Lester M. Bridgeman, Miller, Hamilton, Snider & Odom, Mobile, Ala., for plaintiff.

Carol Koehler Ide, U.S. Dept. of Justice, Washington, D.C., for U.S.

**ORDER REJECTING IN PART AND ADOPTING IN PART THE RECOMMENDATION OF THE MAGISTRATE JUDGE**

PITTMAN, Senior District Judge.

This cause is before the court on review of the recommendation of the Magistrate Judge (MJ) to grant summary judgment in favor of the plaintiff, Southern Aluminum Castings (Southern) (doc. # 38). The defendant, United States, has filed written objection to the MJ's recommendation (doc. # 39). Following a careful review of the file, recommendation, and defendant's objections, the court concludes that in part the MJ's recommendation is due to be rejected and that summary judgment should be rendered in favor of the United States.

The court begins by noting that it adopts the MJ's findings of fact (1–10) on pages 1 through 3 of the recommendation. In its brief to the MJ, the defendant asserted there were two reasons for why it was entitled to summary judgment. First, the defendant asserted that the court lacks jurisdiction because in its petition for refund, the plaintiff failed to raise the issue of whether the transfer to the profit-sharing plan qualified as a distribution on behalf of its employees. The MJ rejected this argument, finding that the plaintiff's petition sufficiently raised the issue to comply with

26 U.S.C. § 7422(a). The court agrees with the MJ's analysis and conclusion and hereby adopts as the opinion of the court the MJ's conclusion of law # 7, on pages 7 through 10 of the recommendation.

The defendant also asserts that the $100,000 at issue in this case was properly subject to the reversionary interest tax provided for under 26 U.S.C. § 4980. The plaintiff asserts that the money in question falls within an exception to the reversionary interest tax provided for in 26 U.S.C. § 4980(c)(2)(B)(i). The exception claimed by the plaintiff provides that "[t]he term 'employer reversion' shall not include—(i) except as provided in regulations, any amount distributed to or on behalf of any employee (or his beneficiaries) if such amount could have been so distributed before termination of such plan without violating any provision of [26 U.S.C. § 401],...." The plaintiff asserts that although it held the funds in its own accounts for over 2 months, the funds are not a reversionary interest because they ultimately were distributed to profit-sharing plan on behalf of its employees. The MJ agreed with the plaintiff, finding the transfer to the profit-sharing plan fell within the exception's "on behalf of employees" language, and that the "defendant has not shown how such distribution would have violated [section] 401 ..." (doc. # 38, at p. 6).

▇ The court finds that the distribution in question does not fall within the exception set out in 26 U.S.C. § 4980(c)(2)(B)(i). The court also finds that the MJ improperly placed the burden on the defendant to establish that the distribution did not violate section 401, and therefore, came within the exception. The plaintiff bears the burden to show that its transaction is not subject to the tax. Unfortunately for the plaintiff, it cannot.

To fall within the coverage of section 4980(c)(2)(B)(i), the transfer must have been permissible under section 401 had the plan not been terminated. A review of 26 U.S.C. § 401, which establishes what constitutes a qualified plan, reveals that it makes no provision for the withdrawal of funds by the employer to be held in its own accounts until it decides to contribute another plan established for its employees. Section 401 does make provision for different forms of pre-termination disbursements on behalf of employees, however, the section makes clear that disbursements not following the strict requirements of its provisions render the plan non-qualified. *See* 26 U.S.C. § 401(a)(11)–(24). There is nothing within the terms of section 401 to support an "indirect transfer" from a terminated plan to a new plan.

In addition, Congress has already made provision as to how it desires an employer to fund a second plan from the funds of a terminated plan. Under recent amendments to section 4980, set out in 26 U.S.C. § 4980(d)(2), an employer will be subjected to an increased tax on his reversionary interests unless it transfers the funds to a "qualified replacement plan." For a new plan to be a "qualified replacement plan," the new plan must have "at least 95 percent of the active participants in the terminated plan who remain as employees of the employer after the termination...." 26 U.S.C. § 4980(d)(2)(A). Moreover, the asset transfer must, in part, be a "direct transfer from the terminated plan to the replacement plan ... before any employer reversion...." 26 U.S.C. § 4980(d)(2)(B)(i). The transfer in this case clearly fails to meet both of these requirements. The court would violate the requirements of section 4980 if it allowed the indirect transfer made in this case to avoid taxation. Therefore, the MJ's recommendation that summary judgment be entered in favor of the plaintiff, and that the defendant is not entitled to summary judgment, is rejected. Specifically, the court rejects conclusions of law # 6 & 8 of the MJ's recommendation.

Therefore, it is hereby ORDERED, ADJUDGED, and DECREED that the MJ's recommendation is REJECTED in part, and ADOPTED in part, as set out hereinabove. The defendant, United States of America's motion for summary judgment is due to be, and hereby is GRANTED.